**Jin Dong DENG, Petitioner,**

**v.**

**Michael GARCIA, as Assistant Secretary for the Bureau of Immigration and Customs Enforcement, Respondent.**

No. 04–CV–2032–NGG.

United States District Court, E.D. New York.

Jan. 15, 2005.

---

S. Jean Smith, New York City, for Plaintiff.

## MEMORANDUM & ORDER

GARAUFIS, District Judge.

Petitioner Jin Dong Deng ("Deng") brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his petition, Deng attacks the validity of his confinement during the pendency of his challenge to the deportation order issued against him by an immigration judge in August 2000. The government contends that Deng's action should be dismissed, or in the alternative, transferred to the Middle District of Pennsylvania because this court cannot exercise territorial jurisdiction over Deng's custodian, the Warden of the Pike County Correctional Facility in Lords Valley, Pennsylvania. The government also argues that in any case, Deng was lawfully ordered detained pending the result of the administrative review of the deportation order, and that this discretion-ary decision of the immigration authorities is not subject to judicial review. For the reasons set forth below, this court lacks jurisdiction over Deng's petition for a writ of habeas corpus. Deng's petition is therefore transferred to the Middle District of Pennsylvania for further proceedings.

### I. FACTUAL BACKGROUND

Deng is a native and citizen of China who first entered the United States as a lawful permanent resident on September 9, 1984. Declaration of Scott Dunn at ¶ 3 and Exh. 1. Deng had his first serious brush with the law in 1991, when he was convicted in state court for grand larceny in the second degree, and sentenced to five years' probation as a youthful offender. *Id.* at ¶ 4. In 1993, he was convicted in state court for the commission of two armed robberies and sentenced to serve a term of five to fifteen years in prison. *Id.* On the basis of this conviction, Deng was found to have committed an aggravated felony, and was therefore ordered deport-ed by Immigration Court Judge Mitchell Levinsky on August 24, 2000. (Pet.Br.¶ 7). Deng's appeal of that decision before the Board of Immigration Appeals ("BIA") was denied on January 12, 2001. (Pet. Br.¶ 10). When Deng subsequently be-came eligible for parole on August 14, 2003, he was transferred to the custody of Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility in Lords Valley, Pennsylvania. Declaration of Marc Goffman at ¶ 3. While in ICE custody in Pennsylvania, Deng filed a motion to reopen his appeal with the BIA. (Pet.Br.¶ 12). That motion re-mains pending. Deng then filed the in-stant petition for a writ of habeas corpus on May 4, 2004.

### II. DISCUSSION

Deng argues that he should be released from custody because, for reasons first

articulated in his reply brief, his continued detention during the pendency of his appeal before the BIA is unlawful in light of the Supreme Court's holding in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). (Pet. Reply Br. at 9). Deng also appears to argue that the BIA's determination that he poses a risk to the community and is unlikely to comply with the order of removal is unreasonable and should be overturned by this court. (Pet. Reply Br. at 7–8). However, before reaching the merits of Deng's petition, I must first decide whether I have jurisdiction over that petition. In doing so, I must determine the identity of the proper respondent in this case, and whether I have jurisdiction over that person.

In his petition, Deng names Michael Garcia, Assistant Secretary of Homeland Security for the Bureau of Immigration and Customs Enforcement, as the respondent. Deng also asks for permission to substitute the Attorney General of the United States if this court determines that Garcia is not a proper respondent. (Pet. Reply Br. at 4). The government asserts, however, citing the Supreme Court's recent decision in *Rumsfeld v. Padilla*, —— U.S. ——, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004), that neither official is a proper respondent, and that only the warden of the facility in Pennsylvania where Deng was being detained when he filed his petition may be named. Since this court lacks jurisdiction over that warden, the government contends, Deng's petition may not be entertained by this court, and must be dismissed, or in the alternative, transferred to the Middle District of Pennsylvania.

The government is correct in asserting that *Padilla* controls the instant case, and that this court therefore lacks jurisdiction over the proper respondent. In *Padilla*, the Supreme Court articulated a bright-line rule governing so-called "core habeas

petitions"—those challenging the present physical confinement of the petitioner. With respect to such petitions, the Court held, "jurisdiction lies in only one district: the district of confinement," and that "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 2718, 2722. *Padilla* thus narrowly circumscribes the jurisdictional inquiry that may be conducted by a court presented with a core petition, thereby precluding the district courts from taking into account any of the considerations of equity and convenience raised by Deng in deciding whether it may exercise jurisdiction over a petition. By contrast, the jurisdictional rules governing non-core habeas petitions, wherein habeas petitioners challenge something other than present physical confinement, remain illdefined. *See, e.g., Ahrens v. Clark*, 335 U.S. 188, 193, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) (declining to decide whether the Attorney General may be named as a respondent by an alien challenging a final order of removal); *Padilla*, —— U.S. at —— n. 8, 124 S.Ct. at 2718 n. 8 (same); *Henderson v. INS*, 157 F.3d 106 (2d Cir.1998) (same). *But see Batista–Taveras v. Ashcroft*, No. 03 Civ.1968, 2004 WL 2149095, at *6 (S.D.N.Y. Sept. 23, 2004) and *Garcia–Rivas v. Ashcroft*, No. 04 Civ. 292, 2004 WL 1534156, at *2 (S.D.N.Y. July 7, 2004) (both concluding that the Attorney General is a proper respondent in a habeas petition filed by an alien challenging a final deportation order).

If Deng were challenging a final order of deportation, this court could consider his claim that the Attorney General is a proper respondent, and that jurisdiction therefore lies in the Eastern District of New York. However, nothing in either Deng's petition or his reply brief suggests that he is challenging the August 24, 2000 order of deportation before this court. To the con-

trary, the only specific prayer for relief contained Deng's petition is for "release from detention subject to state parole supplemented by conditions required by the United States." (Pet. Br. at 4). In his reply brief, Deng similarly argues that he is not a flight risk, that he is not a danger to the community, and that *Zadvydas* requires his release because he has been detained by immigration officials for longer than six months. (Pet. Reply Br. at 7–10). However, he once again declines to ask this court to invalidate the deportation order issued against him or to otherwise find that he may not be deported to China.

I therefore conclude that because Deng's immigration habeas petition challenges only his immediate physical detention, rather than the underlying decision of the immigration authorities to deport him to China, Deng has presented a "core habeas petition" which must be addressed to his immediate custodian. *Accord Shehnaz v. Ashcroft*, No. 04 Civ. 2578, 2004 WL 2378371, at *4 (S.D.N.Y. Oct. 25, 2004). From this it is clear that the only proper respondent to Deng's petition is the warden of the Pike County Correctional Facility, where Deng was detained at the time this petition was filed. In light of *Padilla*, it is equally clear that the only district court with jurisdiction over this petition is the District Court for the Middle District of Pennsylvania. Deng's petition is therefore transferred to the Middle District of Pennsylvania for further proceedings.

SO ORDERED.