Peter DRAKOULIS, Petitioner,

v.

John ASHCROFT, Attorney General of the United States, et ano., Respondents.

No. 05 Civ. 0397(LAK).

United States District Court, S.D. New York.

Feb. 16, 2005.

Eva S. Rubinson, Jonathan E. Avirom, Avirom & Associates, LLP, for Petitioner.

Michael R. Holden, Assistant United States Attorney, David N. Kelley, United States Attorney, for Respondents.

## MEMORANDUM OPINION

KAPLAN, District Judge.

Petitioner, who is in the custody of the Bureau of Immigration and Customs Enforcement ("BICE") at the Bergen County Correctional Facility in New Jersey pending removal, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, ordering the respondents to release petitioner on his own recognizance or on a reasonable bond, staying his removal, and/or remanding this case to the Immigration Judge ("IJ") so that petitioner may apply for relief from removal pursuant to Section 212(c) of the Immigration and Nationality Act ("INA"). The matter is before the Court on petitioner's motion for a preliminary injunction enjoining the respondents from holding petitioner in custody during the pendency of this action.

### Facts

Petitioner, a citizen of Greece, entered the United States in 1963 on a visitor's visa, failed to depart as required, and ultimately was located in 1968. Despite a state conviction in 1973 for grand larceny, the Immigration and Naturalization Service ("INS") granted petitioner legal permanent resident status in 1983 on the basis of the U.S. citizenship of his wife, although it did so only after initially denying his application to adjust his status on the ground that he failed to appear before the INS on three occasions.

### The 1993 Convictions

In January 1993, petitioner was convicted after trial of violations of the Racketeer Influenced and Corrupt Organizations Act, among other offenses, and sentenced principally to a term of imprisonment of 63 months and three years of supervised release. Among the conditions of the latter was a requirement that petitioner notify his probation officer within 72 hours of any change in residence.

*Deportation Proceedings*

While petitioner still was in federal custody on the 1993 convictions, the INS served him with an order to show cause charging that he was deportable as an aggravated felon. The INS took him into custody on January 16, 1997 upon his release from prison and shortly thereafter released petitioner on bond conditioned upon his appearing upon each and every request by an immigration officer. Nevertheless, in August 1997, petitioner failed to appear for a scheduled hearing, and the Immigration Judge ("IJ") ordered him deported *in absentia.*

The deportation proceeding against petitioner was reopened at his request and without objection from the INS. Petitioner sought to apply for discretionary relief from deportation under Section 212(c).[1] Following the Supreme Court's decision in *INS v. St. Cyr,*[2] the IJ held that petitioner was ineligible for Section 212(c) relief, finding that petitioner had been convicted of the RICO and related charges after trial rather than on a plea of guilty and therefore stood in different a position than the applicant in *St. Cyr.* Accordingly, he found petitioner deportable as an aggravated felon based on the 1993 convictions and ordered him deported to Greece. The Board of Immigration Appeals ("BIA") affirmed on November 4, 2002.

Petitioner then sought review of the BIA decision in the Second Circuit. On January 29, 2003, a warrant for his arrest and removal was issued. In March, BICE sent notice to petitioner's wife, the obligor on his bond, requiring petitioner to surrender on May 5, 2003. On May 6, 2004, over a year after petitioner failed to surrender, he was arrested and, in due course, transferred to the Bergen County Correctional Facility, where he is being held for the BICE. To jump ahead of the story brief, the petition for review by the Second Circuit was dismissed with prejudice, on consent, on June 3, 2004.[3]

*The First Habeas Petition*

On or about May 25, 2004, petitioner submitted a habeas petition challenging the final order of deportation under *Restrepo v. McElroy*[4] and seeking a hearing regarding his detention.[5] He moved also for a preliminary injunction requiring his release *pendente lite.* The Court denied the application, principally on the ground that petitioner was being held during the statutory removal period prescribed by 8 U.S.C. § 1231(a) and therefore was not entitled to release. On August 6, 2004, the parties entered into a stipulation providing a briefing schedule for the first habeas petition and staying petitioner's deportation pending its disposition. That matter remains pending.

*The Present Habeas Petition*

By letter to BICE, dated August 12, 2004, petitioner's counsel requested that petitioner be released on a variety of grounds, including a contention that petitioner was likely to prevail on the first habeas petition, that he was likely to prevail on a Section 212(c) application, and that his removal or deportation was not

1. Petitioner got into trouble yet again while that effort was underway. He was arrested in July 1999 in Nassau County for criminal contempt in violation of N.Y. PENAL L. § 215.50. This case was resolved in March 2000 by petitioner's plea of guilty to the lesser charge of disorderly conduct in violation of N.Y. PENAL L. § 240.20.

2. 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001).

3. *Drakoulis v. Ashcroft,* No. 02–4876 (2d Cir. filed June 3, 2004).

4. 369 F.3d 627 (2d Cir.2004).

5. *Drakoulis v. Ashcroft,* No. 04 Civ. 3942(LAK) (S.D.N.Y. filed May 25, 2004).

reasonably foreseeable. But on November 11, 2004, BICE decided to continue petitioner's detention. It concluded that petitioner's "removal from the United States is imminent," noting that Greek consular officials "have indicated that a travel document will be available upon completion of a personal interview ... and issuance of a travel itinerary." [6] Indeed, it suggested that the only obstacle to petitioner's removal was the stipulation in the first habeas petition staying his deportation. It went on to note petitioner's criminal history, his multiple violations of federal probation, and his failure to surrender for deportation and concluded that petitioner had failed to establish that he was not a flight risk.

Petitioner thereupon filed the present action. As noted, the petition seeks release on personal recognizance or reasonable bond, a stay of removal, and/or a remand to the IJ so that petitioner may apply for relief from removal under INA Section 212(c). The present motions seeks release *pendente lite.*

### Discussion

■ "In order to justify the award of a preliminary injunction, the moving party must first demonstrate that it is likely to suffer irreparable harm in the absence of the requested relief." [7] The threat of irreparable injury must be imminent or certain, not a matter of speculation.[8] Once the likelihood of irreparable harm has been demonstrated, a movant ordinarily is entitled to relief if it demonstrates "either

(1) 'a likelihood of success on the merits' or (2) 'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly' in the movant's favor." [9] Where, however, a movant seeks to enjoin "government action taken in the public interest pursuant to a statutory or regulatory scheme," it may succeed only by demonstrating a likelihood of success on the merits in addition to irreparable harm.[10]

■ The Court assumes *arguendo* that petitioner's continued incarceration constitutes irreparable injury. His motion therefore turns on whether he has demonstrated a likelihood of success on the merits of his contention that his confinement is unlawful.

Petitioner is met at the outset with the contention that, under *Rumsfeld v. Padilla,*[11] the Attorney General of the United States is not a proper respondent, this action may not be brought in any district other than that of petitioner's present confinement, and this Court lacks subject matter jurisdiction.

The Supreme Court in *Padilla* held that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement" and that the "proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." [12] *Padilla,* however, noted the division among lower courts on the ques-

6. Ex. V.

7. *Bery v. City of New York,* 97 F.3d 689, 693 (2d Cir.1996) (citing *Sperry Int'l Trade, Inc. v. Government of Israel,* 670 F.2d 8, 11 (2d Cir. 1982)).

8. *E.g., Tom Doherty Assocs., Inc. v. Saban Ent., Inc.,* 60 F.3d 27, 37 (2d Cir.1995).

9. *Jolly v. Coughlin,* 76 F.3d 468, 473 (2d Cir.1996) (quoting *Waldman Publishing Corp.*

*v. Landoll, Inc.,* 43 F.3d 775, 779–80 (2d Cir.1994)).

10. *Id.*

11. —— U.S. ——, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

12. *Id.* at 2718, 2722.

tion whether the Attorney General is a proper respondent in a habeas petition filed by an alien challenging deportation and declined to resolve the question.[13]

In two recent cases, district judges in this Circuit have distinguished between habeas petitions filed by aliens to challenge their detention pending removal proceedings, which are analogous to bail applications, and those challenging the underlying removal decisions. Both have applied *Padilla* to the former,[14] and their reasoning is persuasive.

At first blush, this case does not fall neatly into either category. While the present motion challenges only petitioner's present confinement, the petition is broader. It seeks also a remand to the IJ to permit petitioner to apply for Section 212(c) relief. Nevertheless, this is illusory. The relief sought in this petition is identical to that sought in petitioner's first case, which remains pending before this Court.[15]

In these circumstances, the substance of the present petition is simply to challenge petitioner's immediate confinement. The balance of the petition is surplusage.

*Conclusion*

For the foregoing reasons, so much of the petition as seeks relief other than release from petitioner's present confinement is dismissed as redundant of No. 04 Civ. 3942(LAK). What remains is purely a challenge to present confinement. The Court lacks subject matter jurisdiction and therefore transfers what remains of this action to the United States District Court

for the District of New Jersey pursuant to 28 U.S.C. § 1631.[16]

SO ORDERED.

---

13. *Id.* at 2718 n. 8.

14. *Deng v. Garcia*, 352 F.Supp.2d 373 (E.D.N.Y. 2005); *Shehnaz v. Ashcroft*, No. 04 Civ. 2578(DLC), 2004 WL 2378371 (S.D.N.Y. Oct.25, 2004).

15. *Compare* prayers for relief in petitions in Nos. 05 Civ. 0397(LAK) and 04 Civ. 3942(LAK).

16. *E.g., Shehnaz*, 2004 WL 2378371, at *4.